# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FREDERICK NUZZO, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 17-10297-FDS |
| v. | ) ) | |
| MARK O' BRIEN, DAVID BENSON, BRIAN MOYNIHAN, and BILL BECKMANN, | ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER
## ON DEFENDANTS' MOTIONS TO DISMISS

**SAYLOR, J.**

This is an action alleging fraud by executives of mortgage servicing and securitization companies. The *pro se* complaint appears to contend that Ditech Financial LLC, the Federal National Mortgage Association ("Fannie Mae"), Bank of America, and Mortgage Electronic Registration Systems, Inc. ("MERS") engaged in a series of fraudulent transactions injuring plaintiff Frederick Nuzzo. Defendants Mark O'Brien, David Benson, Brian Moynihan, and Bill Beckmann are executive officers of those companies.

Defendants have moved to dismiss the complaint for lack of personal jurisdiction, failure to provide a short and plain statement of plaintiff's theory of relief, and failure to state a claim upon which relief can be granted. For the reasons stated below, the motions will be granted.

# I. Background

## A. Factual Background

The facts are set forth essentially as described in the complaint.[1]

Frederick Nuzzo is a resident of Saugus, Massachusetts.[2] Ditech Financial LLC is headquartered in Pennsylvania; its CEO is Mark O'Brien. (*See* Compl. ¶¶ 2-3).[3] Fannie Mae is a government-sponsored public corporation based in Washington, D.C.; according to the complaint, its CEO is David Benson. (*See id.* ¶ 5).[4] Bank of America is a Delaware corporation based in North Carolina; its CEO is Brian Moynihan. (*See id.* ¶ 6). MERS is a Delaware corporation headquartered in Virginia; its CEO is Bill Beckmann. (*See id.* ¶ 7).

Nuzzo received a loan from Countrywide Financial, which was later acquired by Bank of America. (*Id.* ¶ 7).[5] The complaint does not identify the date of the loan. The loan was secured by a mortgage on his home. (*Id.*). On June 10, 2013, Green Tree Servicing LLC sent a letter to

---

[1] Attached to the complaint is an affidavit, which states that plaintiff sent various documents to defendants and their companies by certified mail. Those documents are provided as exhibits to the complaint, and many of them make irrelevant claims and allegations. For example, plaintiff wrote a letter to defendant O'Brien dated April 6, 2016, requesting copies of various documents. (Compl. Ex. 1 at 32). The letter warned that if O'Brien did not comply, plaintiff would "petition Cardinal O'Malley of the Boston Diocese as Judge of first instance for his assistance in getting the return of my property . . . as he has exclusive jurisdiction over faith, sin, oaths and law of contracts . . . ." (*Id.*).

Plaintiff later filled out a form purporting to rescind the mortgage unilaterally and void the promissory note and "revoke, rescind, cancel, and make void . . . all powers of attorney" given to Ditech Financial. (*Id.* Ex. 2 at 2, 6). Similar "revocation of power of attorney" documents were filled out as to the other named corporations. (*See, e.g.*, *id.* Ex. 3 at 21). Plaintiff also wrote to various entities stating that they "no longer have any claims over my property" and ordering them to "cease and desist" their attempts to enforce the note. (*See, e.g.*, *id.* at 29, 31).

[2] The civil cover sheet plaintiff filed with his complaint indicates he is a citizen of Massachusetts and resides at 36 Sunnyside Park, Saugus, Massachusetts 01906. The Court will assume that the property in question is located there.

[3] The complaint alleges that Ditech Financial is a "South Dakota corporation."

[4] Benson is actually the Executive Vice President and Chief Financial Officer of Fannie Mae. (Docket No. 22, Ex. A).

[5] The complaint has two sets of paragraphs numbered 4, 5, and 6.

2

Nuzzo stating that it acquired the servicing rights to the mortgage effective June 1, 2013. (*Id.*, Ex. 1 at 11). Green Tree Servicing eventually became Ditech Financial LLC. (*Id.* ¶ 7).

While Nuzzo's loan was being serviced by Green Tree Servicing, he had "difficulties keeping up with his loan payments." (*Id.*). He signed a loan modification agreement with Green Tree Servicing on April 25, 2014. (*Id.*).[6]

In August 2015, Nuzzo contacted Green Tree Servicing, which by that point had become Ditech Financial. (*Id.* ¶ 8). It appears he requested that his payment for that month be deferred so that he could pay for burial expenses for his mother, who had recently passed away. (*Id.*).[7] However, the deferral was denied, as Nuzzo was more than $18,000 in arrears on his mortgage payment. (*Id.* ¶ 9).[8] The complaint alleges that Nuzzo then discovered that Green Tree Servicing had made the loan modification agreement effective "July 1, 2013, and not April 25, 2013," the date he signed the modification documents. (*Id.*). Nuzzo contends he was unaware of "any notices of amounts in [ ] arrears from either Green Tree Servicing LLC or Ditech Financial LLC." (*Id.*). From there, the complaint alleges that Nuzzo unraveled "unscrupulous and fraudulent behavior by Mortgage Servicers and the Government." (*Id.* ¶ 10).

### B.     **Procedural Background**

The complaint was filed on February 23, 2017, and was initially assigned to Judge O'Toole. It seeks two forms of relief: first, a "declaratory judgment for quiet title," and second, "[d]eclaratory judgment for collection of treble punitive damages allowed under the Federal Protection Act (Mortgage Fraud) to be imposed against Mark O'Brien, CEO Ditech Financial

---

[6] The complaint later states that the modification was signed on April 25, 2013. (Compl. ¶ 9).

[7] The complaint uses the word "defray" rather than "defer." However, in the context of the complaint, it is more likely that plaintiff was seeking to defer the monthly payment rather than outright loan forgiveness.

[8] The complaint uses the phrase "in the rears" rather than "in arrears."

3

LLC for $322,000.00, and David C. Brown [sic], CEO Fannie Mae for $322,000.00." (Compl. at 4-5).[9] On March 6, 2017, plaintiff filed a document that purported to be a "motion for quiet title." (Docket No. 5).[10]

On March 24, 2017, defendants Beckmann, Moynihan, and Benson filed motions to dismiss. (Docket Nos. 16, 21). Defendants Beckmann and Moynihan moved to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Defendant Benson moved to dismiss pursuant to both Rule 8(a)(2) for failure to provide a "short and plain statement of the claim showing that the pleader is entitled to relief" and Rule 12(b)(6) for failure to state a claim. On April 12, 2017, defendant O'Brien moved to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction, Rule 8(a)(2), and Rule 12(b)(6). (Docket No. 28). The case was reassigned to the undersigned judge on January 23, 2018.

## II. Analysis

### A. Defendant O'Brien's Motion to Dismiss Under Rule 12(b)(2)

The plaintiff bears the burden of establishing that the court has personal jurisdiction over defendants. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002). In considering a motion to dismiss under Rule 12(b)(2), the court may employ several standards to assess whether plaintiff has carried that burden: the "prima facie" standard; the "preponderance-of-the-evidence" standard; or the "likelihood" standard. *See id.* at 51 n.5; *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145-46 (1st Cir. 1995). Where, as here, the court is called to make that assessment without first holding an evidentiary hearing,

---

[9] The CFO of Fannie Mae is defendant David Benson, not David Brown.

[10] The "motion" alleges that Fannie Mae wronged plaintiff in various ways, such as "not noticing/disclosing to me that this MERS agreement is to be governed by the laws of the Commonwealth of Virginia (abrogates the State Citizens access to due process in the course of common law.) (Also, makes us all Federal Employees so they can steal public money.)." (Pl.'s Mot. at 1).

4

the prima facie standard is applied.  *See United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001).  Under that standard, the court takes the plaintiff's "properly documented evidentiary proffers as true and construe[s] them in the light most favorable to [plaintiff's] jurisdictional claim."  *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016) (citing *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008)).  A plaintiff may not "rely on unsupported allegations in [its] pleadings."  *A Corp.*, 812 F.3d at 58 (quoting *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 134 (1st Cir. 2006)).  "Rather, [the plaintiff] must put forward 'evidence of specific facts' to demonstrate that jurisdiction exists."  *Id.* (quoting *Foster-Miller*, 46 F.3d at 145).  Facts offered by the defendant "become part of the mix only to the extent that they are uncontradicted."  *Astro-Med, Inc. v. Nihon Kohden Am., Inc.*, 591 F.3d 1, 8 (1st Cir. 2009) (quoting *Adelson v. Hananel*, 510 F.3d 43, 48 (1st Cir. 2007)).

To establish personal jurisdiction, the plaintiff must show that the requirements of the Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3, are satisfied, and that the exercise of jurisdiction is consistent with constitutional due process.  *Daynard*, 290 F.3d at 52; *Intech, Inc. v. Triple "C" Marine Salvage, Inc.*, 444 Mass. 122, 125 (2005).  Due process requires that a plaintiff alleging specific personal jurisdiction establish the existence of three conditions:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities.  Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable.  Third, the exercise of jurisdiction must be reasonable.

*Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016) (quoting *Phillips*, 530 F.3d at 27 (alterations omitted)).

The Court's exercise of personal jurisdiction over defendant O'Brien would not comport

with constitutional due process. There are no allegations that O'Brien had any contact with the forum state or that he has done anything to purposefully avail himself of the benefits of conducting business in Massachusetts.[11] The complaint only alleges that O'Brien is a Florida domicile and that he is the CEO of Ditech Financial, which is alleged to be a South Dakota corporation. (Compl. ¶¶ 2-3). Considered as a whole, the exercise of personal jurisdiction over O'Brien is not reasonable.

Under the circumstances, there are not minimum contacts with the state such that the exercise of jurisdiction accords with "traditional notions of fair play and substantial justice." *International Shoe v. Washington*, 326 U.S. 310, 316 (1945). The Court therefore lacks personal jurisdiction over defendant O'Brien, and all claims against him will be dismissed.

### B. <u>Defendants O'Brien and Benson's Motions to Dismiss Under Rule 8(a)</u>

Rule 8 requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Calvi v. Knox County*, 470 F.3d 422, 430 (1st Cir. 2006) (quotation marks omitted). "This means that . . . the statement of [the] claim must at least set forth minimal facts as to who did what to whom, when, where, and why." *Id.* (quotation marks omitted). Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." *Id.* (quoting *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 514 (1st Cir. 1988)). Even pro se plaintiffs are required to comply with procedural and substantive law. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

---

[11] Plaintiff has elected to sue the executives of the named entities rather than the entities themselves. Therefore, he must show that the executives, in their individual capacities, are subject to this Court's personal jurisdiction.

6

Moreover, under Rule 8, a plaintiff must plead more than a mere allegation that the defendant harmed him. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (detailed factual allegations are not required under Rule 8, but a complaint "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). *See Chiang v. Skeirik*, 582 F.3d 238, 244 (1st Cir. 2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (internal citation and quotation marks omitted).

As pleaded, the complaint fails to satisfy the pleading requirements of Rule 8. A generous reading fails to disclose any cognizable claims against defendants, as there are no factual allegations concerning actions by any of the individual defendants. *See Bagheri v. Galligan*, 160 Fed. Appx. 4 (1st Cir. 2005) (finding complaint deficient because, among other things, it failed to state clearly which defendant or defendants committed each of the alleged wrongful acts). *See also Dewey v. University of New Hampshire*, 694 F.2d 1, 3-4 (1st Cir. 1982)). In addition, the complaint fails to provide sufficient factual information to set forth any plausible claim upon which relief can be granted. Because the complaint fails to give defendants a "meaningful opportunity to mount a defense," *Diaz-Rivera v. Rivera-Rodriguez,* 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)), it does not comport with Rule 8, and the motions to dismiss will be granted on that basis.

C. **Defendants' Motions to Dismiss Under Rule 12(b)(6) (All Defendants)**

On a motion to dismiss, the court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its

face. *Twombly*, 550 U.S at 570. In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

A document filed by a *pro se* party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). However, while *pro se* complaints "are accorded 'an extra degree of solicitude' . . . even a *pro se* plaintiff is required to 'set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Wright v. Town of Southbridge*, 2009 WL 415506, at *2 (D. Mass. Jan. 15, 2009) (quoting *Adams v. Stephenson*, 1997 WL 351633, at *1 (1st Cir. June 23, 1997)).

The complaint is plainly deficient for multiple reasons. First, it sets forth no well-pleaded facts alleging any wrongdoing by any defendant. The only mention of defendants is that they are executives at their respective entities. (*See* Compl. ¶¶ 2-7). Second, plaintiff does not appear to seek any relief with respect to defendants Beckmann and Moynihan, as they are not mentioned in

the section titled "Prayer for Relief." (*Id.* at 4-5). Third, plaintiff seeks relief under the "Federal Protection Act," but the Court is unaware of any federal law with that title. Fourth, to the extent plaintiff is alleging fraud, the complaint fails to comply with the heightened pleading standards of Fed. R. Civ. P. 9(b). In order to meet that burden, a complaint must provide "specification of the time, place, and content of an alleged false representation." *McGinty v. Beranger Volkswagen, Inc.*, 633 F.2d 226, 228 (1st Cir. 1980). By contrast, the complaint only includes vague and conclusory allegations of fraud.

Finally, plaintiff's claim to quiet title necessarily fails. "[A] quiet title action is not an avenue open to a mortgagor whose debt is in arrears because, until the mortgage is discharged, the title necessarily remains under a cloud." *Flores v. OneWest Bank, F.S.B.*, 172 F. Supp. 3d 391, 396 (D. Mass. 2016) (appeal filed) (quoting *Oum v. Wells Fargo*, N.A., 842 F. Supp. 2d 407, 412 (D. Mass. 2012) (abrogated on different grounds)). The complaint indicates that plaintiff has not paid off his mortgage, and is currently $18,000 in arrears on his debts. (Compl. ¶ 9). Therefore, he cannot maintain a quiet title action. Accordingly, defendants' motion to dismiss will be granted.

## III.  Conclusion

For the foregoing reasons, defendants' motions to dismiss are GRANTED.

**So Ordered.**

Dated: January 29, 2018

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

9